[802 NYS2d 225]

In the Matter of JONATHAN S. KAUFMAN (Admitted as JONATHAN SETH KAUFMAN), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, October 11, 2005

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Robert J. Saltzman* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition dated June 24, 2003, containing one charge of professional misconduct, and a supplemental petition dated May 6, 2004, containing an additional charge. After a prehearing conference on October 18, 2004, and a hearing on November 9, 2004, at which the respondent failed to appear, notwithstanding notice to him at the prehearing conference that he was to appear on the adjourned date, with or without counsel, and that the matter would proceed.

Charge One alleges that the respondent failed to cooperate with an investigation into allegations of his professional misconduct, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

By letter dated February 10, 2003, the petitioner informed the respondent that he was the subject of a complaint by Vito N. Carnazza, and requested his answer within 10 days. The letter was mailed to the address at which the respondent is registered with the Office of Court Administration (hereinafter OCA). The respondent neither submitted an answer nor requested additional time in which to do so.

On March 4, 2003, the petitioner sent the respondent additional material from Dr. Carnazza as well as a letter, via regular and certified mail, requesting his answer within 10 days and warning of the possibility of a motion for his interim suspension based upon his continuing failure to cooperate. Although the

petitioner received the signed returned receipt on March 7, 2003, the respondent failed to answer or request additional time in which to do so.

On April 2, 2003, Grievance Counsel telephoned the respondent to advise that his answer had not been received. The respondent replied, "I know." When Grievance Counsel continued to speak, the respondent stated: "I heard you and there is nothing more to say." The respondent then hung up the telephone. Grievance Counsel immediately called the respondent back and advised him that if his answer was not submitted by April 4, 2003, an interim suspension would be sought. Before Grievance Counsel finished speaking, the respondent hung up.

On April 3, 2003, the petitioner's investigator personally delivered a letter to the respondent detailing all of its efforts to elicit an answer from him and affording an opportunity to submit an answer by April 7, 2003, before it would resort to a motion for his interim suspension. Another attorney in the respondent's office, Paul Gerstner, accepted the letter on the respondent's behalf and undertook to insure that the respondent would receive it. On April 4, 2003, the respondent appeared at the petitioner's offices and handed the receptionist a large white envelope containing all of the letters previously sent to him. All but one of the letters appeared never to have been opened. On or about April 8, 2003, the petitioner moved for the respondent's immediate suspension based upon his failure to cooperate with its investigation. The respondent finally submitted an answer to the Carnazza complaint on or about May 6, 2003.

Charge Two alleges that the respondent has failed to cooperate with an investigation into allegations of his professional misconduct, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

By letter dated October 28, 2003, the petitioner informed the respondent that he was the subject of a complaint by Roy H. Scharf, Esq. and requested his answer within 10 days. The letter was mailed to the address at which the respondent is registered with the OCA. The respondent neither submitted a written answer nor requested additional time in which to do so.

On December 8, 2003, the petitioner sent the respondent another letter, via regular and certified mail, noting his failure to submit an answer to the Scharf complaint, requesting an answer within 10 days, and warning of the possibility of a motion for his immediate suspension based upon his continuing failure to cooperate. Although the petitioner received the signed return

receipt on or about December 10, 2003, the respondent failed to submit a written answer to the Scharf complaint or to request additional time in which to do so.

While still represented by counsel, the respondent filed a verified answer to the original complaint in which he admitted the salient facts and set forth affirmative defenses stating that he had no venal intent, has since been cooperative, and was sincerely remorseful and apologetic for his conduct. Subsequent to his submission of that answer on July 10, 2003, the respondent's counsel withdrew from the case.

Based on the respondent's admissions and the evidence adduced, the Special Referee properly sustained both charges. Accordingly, the motion to confirm the Special Referee's report is granted.

The Special Referee noted the absence of mitigation in this case. The respondent's default with respect to the supplemental petition contradicts the assertions contained in the respondent's answer to Charge One. Moreover, the Special Referee noted that the respondent's bizarre conduct in delivering an envelope containing the unopened correspondence from the Grievance Committee should be considered as an exacerbating factor. Although informed at the prehearing conference that he would be afforded an opportunity to offer evidence in mitigation with respect to Charge Two, which was deemed established upon his default, the respondent failed to appear on the scheduled date. In view of the respondent's default with respect to the supplemental petition and his apparent lack of respect for the disciplinary process, he is disbarred.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and ADAMS, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Jonathan S. Kaufman, admitted as Jonathan Seth Kaufman, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Jonathan S. Kaufman, admitted as Jonathan Seth Kaufman, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jonathan S. Kaufman, admitted as Jonathan Seth Kaufman, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Jonathan S. Kaufman, admitted as Jonathan Seth Kaufman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).